# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

July 7, 2022

**BY ECF AND E-MAIL**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

**RE: Case 1:22-cv-04748-AT // Pierce v. Better Holdco, Inc. et al.**

Dear Judge Torres:

We represent Defendants Vishal Garg and Nicholas Calamari (the "Individual Defendants") in the above-referenced case. We write pursuant to Rule III.A and III.B. of the Court's Individual Practices in Civil Cases, to set forth the basis for an anticipated motion to dismiss. Pursuant to Rule III.B.ii, the Individual Defendants sent a letter to Plaintiff on June 28, 2022. On July 7, Plaintiff declined to respond to the Individual Defendant's letter, noting: "[w]e will await your pre-motion letters to the Court to respond more substantively to your arguments." For the reasons explained below, the claims against Individual Defendants are deficient and warrant dismissal with prejudice.

This lawsuit is an extension of efforts by Plaintiff to extract more money from the company. Notwithstanding the company's generosity and good will towards Plaintiff, she swiftly abandoned the company at one of its most critical times for personal gains.[1] Plaintiff started at the company in 2016 as an entry-level salesperson. A recent college graduate, her salary was approximately $65,000 per year. At the time of her resignation, her base salary was $1 million, with a bonus of another $1 million and an equity grant of approximately 2 million company shares. Compl. ¶ 31.

---

[1] While the Court should assume the truth of the facts alleged in the complaint, the Court need not accept as true conclusions (i.e., claims) that lack factual basis. *See, e.g., Sazerac Company, Inc. v. Falk*, 861 F.Supp. 253, 260 (S.D.N.Y. 1994). If a claim is alleged based on a document, the Court may consider such document in ruling on a motion to dismiss. *See id*. at 257. If the document contradicts the allegations in the Complaint, the document controls and the Court need not accept as true the allegations in the Complaint. *See id.; Rapoport v. Asia Elecs. Holding Co.*, 88 F.Supp.2d 179, 184 (S.D.N.Y. 2000).

Americas (New York, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
APAC (Hong Kong, Seoul, Shanghai), Caribbean (BVI, Cayman Islands), EMEA (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

The Honorable Analisa Torres
July 7, 2022
Page 2

Such symbolizes the trust that the company, as well as the Individual Defendants, had in Plaintiff, and the support that they provided for her professional growth. Yet, what Plaintiff gave in return was her abrupt abandonment of the company, without a single sign of hesitation at a time when the company faced a difficult moment.

Plaintiff's attempt to enrich herself at the expense of the company is self-evident from her actions around the time of her departure. While Plaintiff now denies it, she made clear to the company that she was resigning. *See* Comp. ¶¶ 105-146. She then made outrageous demands for an exit package that was simply not acceptable. *Id*. In parallel, she started making baseless claims of retaliation, *see id.*, presumably to leverage her bargaining position and artfully disguise her abandonment as a forced departure. When her efforts to extract unwarranted personal gains from the company did not work, she filed this lawsuit. The claims Plaintiff brings, however, are deficient as a matter of law and should be dismissed.

### I. Plaintiff has not pled a claim for breach of fiduciary duty against Mr. Garg or that Mr. Calamari aided and abetted a breach of fiduciary duty

The Second Cause of Action alleges that Mr. Garg owed a fiduciary duty to Plaintiff, he breached that duty, and thereby caused damages to Plaintiff. This claim fails for several reasons.

To start, Mr. Garg does not owe a fiduciary duty to Plaintiff individually. *See, e.g., Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1038-39 (Del. 2004) (finding that a shareholder cannot normally assert a direct claim for breach of fiduciary duty against a corporate director). Plaintiff has not alleged facts that would support a finding that Mr. Garg owed a duty to her. At most, she simply has alleged that Mr. Garg owed duties to the company. *See* Compl. ¶ 156 ("These misrepresentations put the <u>Company's</u> continued viability at risk…dramatically decreased the value…of the <u>Company</u>. In addition, CEO Garg's unseemly mishandling of the December 1, 2021 RIF…was a public relations nightmare, resulting in…irreparable reputational damage to the <u>Company</u>. His false and misleading comments…further exacerbated the financial and reputational harm that CEO Garg had inflicted on the <u>Company</u>."). Thus, to the extent the claim is based on Mr. Garg's duties to the company, such a claim must be brought as a derivative action, not a direct action, and Plaintiff has not met the requirements to bring a derivative action. *See Tooley* at 1039. Therefore, the Second Cause of Action must fail as a matter of law.

Similarly, the Fifth Cause of Action, against Mr. Calamari for aiding and abetting a breach of fiduciary duty, fails to state a claim as a matter of law. Plaintiff has simply not alleged the elements of the claim. For example, where no fiduciary duty is owed, there can be no aiding and abetting claim. *See, e.g., Genger v. Genger*, 990 N.Y.S.2d 498, 504 (1st Dep't 2014). Similarly, a claim for aiding and abetting a breach of fiduciary duty requires proof of knowing participation by defendant in the breach. *See, e.g., Kolbeck v. LIT America, Inc.*, 939 F.Supp. 240, 245 (1996). The Complaint has not met this requirement. The applicable knowledge standard is actual knowledge, not constructive. *See id*. at 246-47. Here, even assuming that a fiduciary duty was owed and breached (which the Individual Defendants dispute), the Complaint does not allege facts that show Mr. Calamari knowingly participated in the breach or had actual knowledge that Mr. Garg's conducts amounted to a breach of fiduciary duty. *See Goldin Associates, L.L.C. v.*

The Honorable Analisa Torres
July 7, 2022
Page 3

*Donaldson, Lufkin & Jenrette Securities Corp.*, 2003 WL 22218643 at *8. Therefore, the claim must fail.

### II. Plaintiff has not alleged a defamation claim

The Third Cause of Action claims that Mr. Garg made defamatory statements about the Plaintiff. This claim fails for several reasons. Even assuming that the alleged statements were defamatory (which the Individual Defendants dispute), and all of the elements of the claim were alleged (and they were not), this claim fails because of the qualified privilege that applies to them.

In the employment context, it is a well-established principle that qualified privilege applies to statements made by an employer/supervisor to management and coworkers in connection with an employee's performance. *See, e.g., Kasachkoff v. City of New York*, 485 N.Y.S.2d 992, 996 (1st Dep't 1996); *Dunson v. Tri-Maint. & Contractors, Inc.*, 171 F. Supp. 2d 103, 117 (E.D.N.Y. 2001) (finding that with "respect to the defamation claim, Defendants are entitled to summary judgment on the basis of qualified immunity."). The Complaint admits that all of the allegedly defamatory statements were made within the company and board and were related to Plaintiff's competence and fitness. *See* Compl. ¶¶ 162, 165 and 168. Thus, even accepting the facts as true (which they are not), the defamation claim must fail as a matter of law.

### III. Plaintiff has not alleged an intentional infliction of emotional distress claim

Likewise, the Fourth Cause of Action alleging intentional infliction of emotional distress fails as a matter of law.

The Complaint appears to concede that to state a claim for intentional infliction of emotional distress Plaintiff would have to allege "extreme, unjustified, shocking and outrageous, and exceeded all reasonable bounds of decency." *See* Compl. ¶ 174. This is an extremely high bar for Plaintiff to meet and the Complaint's conclusory recitation of the standard is insufficient to meet Plaintiff's pleading obligations. Plaintiff simply fails to allege the elements of the claim.

In the rare instances where New York courts have found the complaint sufficiently stated a claim for intentional infliction of emotional distress in the employment context, the claims have been accompanied by allegations that are akin to battery. *See, e.g., Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 604 (E.D.N.Y. 1995); *see O'Reilly v. Executone, Inc.*, 503 N.Y.S.2d 185, 186 (3d Dep't 1986). Even threats, exclusion from activities, discriminatory comments, poor performance reviews, insults and slurs, being humiliated in front of coworkers, or being terminated, have not been recognized as a valid claim for intentional infliction of emotional distress. *Sigmon v. Parker Chapin Flattau & Klimpl*, 901 F. Supp. 667, 671-74, 681-82 (S.D.N.Y. 1995); *Riscili v. Gibson Guitar Corp.*, 2007 WL 2005555, at *4 (S.D.N.Y. Jul. 10, 2007); *Clayton v. Best Buy Co.*, 851 N.Y.S.2d 485, 487 (1st Dep't 2008); *Thai v. Cayre Grp., Ltd.*, 726 F. Supp. 2d 323, 337 (S.D.N.Y. 2010); *Realmuto v. Yellow Freight Sys., Inc.*, 712 F. Supp. 287, 289 (E.D.N.Y. 1989).

The Honorable Analisa Torres
July 7, 2022
Page 4

The acts alleged under the Fourth Cause of Action, even accepting them as true (which they are not), are not even remotely close to the facts necessary to meet the extremely high bar applied by the courts to a claim for intentional infliction of emotional distress. Therefore, this claim must also fail.

\*\*\*

Subject to the Court's instruction, the Individual Defendants request to proceed with a motion to dismiss the Complaint.

                Respectfully submitted,

                /s/ Steven W. Perlstein
                KOBRE & KIM

                Steven G. Kobre
                steve.kobre@kobrekim.com

                Steven W. Perlstein
                steven.perlstein@kobrekim.com

                Michael Bahn
                michael.bahn@kobrekim.com

cc:    All Counsel of Record