**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL rkaplan@kaplanhecker.com

August 17, 2022

**BY ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      Re:  <u>Pierce v. Better Holdco, Inc., et al</u>., No. 22-cv-04748 (S.D.N.Y.)

Dear Judge Torres:

  The parties in the above-referenced matter hereby submit this joint letter pursuant to Your Honor's Initial Pretrial Scheduling Order filed June 22, 2022. ECF No. 10. That Order requires us to provide: (1) a brief description of the case, including the factual and legal bases for the claim(s) and defense(s); (2) any contemplated motions; and (3) the prospect for settlement, as well as a jointly proposed Case Management Plan and Scheduling Order. *Id.* By separate Order, the Court requested that the parties state whether they consent to proceeding before a Magistrate Judge. ECF No. 9.

  **Description of the Case**. Plaintiff Sarah J. Pierce is a former employee of Defendant Better Holdco, Inc. ("Better" or the "Company"). Defendant Vishal Garg is the CEO of Better, and Defendant Nicholas Calamari is the General Counsel. Plaintiff alleges that Better retaliated against her for engaging in protected activity during her employment with Better in violation of New York Labor Law § 740, the New York "whistleblower" law. Plaintiff further alleges that Mr. Garg breached his fiduciary duty purportedly owed to Plaintiff as an officer and shareholder of Better; that Mr. Calamari aided and abetted that breach; and that Mr. Garg defamed her through various statements. Plaintiff further alleges that both Mr. Garg and Mr. Calamari intentionally inflicted emotional distress upon her. For their part, Defendants categorically deny the factual allegations made by Plaintiff and, as explained in the pre-motion letters filed with this Court (*see* ECF No. 19, 21), take the position that Plaintiff has failed to state a claim upon which relief may be granted.

  **Motions.** All Defendants filed pre-motion letters regarding forthcoming motions to dismiss on July 7, 2022, and Plaintiff responded on July 14, 2022.  ECF Nos. 19, 22-24.  This Court has entered a schedule pursuant to which Defendants' motions are due by September 16, 2022, Plaintiff's response is due by October 25, 2022, and Defendants' replies are due by November 18, 2022.

  **Prospects for Settlement.** The parties agree that settlement remains unlikely at this time.

KAPLAN HECKER & FINK LLP

2

**Case Management Plan.** Given that a schedule for dispositive motions has already been entered, the parties agree that, unless the Court requests otherwise, they will submit a jointly proposed Case Management Plan if the dispositive motions are denied.

**Magistrate Judge.** Pursuant to the Court's June 22, 2022 Order, the parties hereby inform the Court that they do not consent to proceeding before a Magistrate Judge.

Respectfully submitted,

/s/ Roberta A. Kaplan

Roberta A. Kaplan
Timothy S. Martin
Kate L. Doniger
KAPLAN HECKER & FINK LLP
*Counsel for Defendant Better Holdco, Inc.*

cc: All Counsel of Record