**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SARAH J. PIERCE,

     Plaintiff,

    v.

BETTER HOLDCO, INC., VISHAL GARG,
AND NICHOLAS CALAMARI,

     Defendants.

**ANSWER – JURY TRIAL DEMANDED**

Case No. 1:22-cv-04748-AT

---

## <u>ANSWER AND AFFIRMATIVE DEFENSES OF</u><br><u>DEFENDANTS TO THE AMENDED COMPLAINT</u>

Defendants Better Holdco, Inc. ("Better"), Vishal Garg ("Garg"), and Nicholas Calamari ("Calamari") (together, the "Defendants") by and through their undersigned attorneys, hereby answer and assert affirmative defenses and other defenses as follows to the Consolidated Amended Complaint (the "Amended Complaint"; ECF No. 52). Except as hereinafter expressly admitted, qualified, or otherwise answered, Defendants deny each and every allegation and assertion set forth in the Amended Complaint. The paragraphs that follow align with the numbered paragraphs in the Amended Complaint.

## NATURE OF THE ACTION[1]

1.      Defendants deny the allegations in Paragraph 1.  Defendants neither admit nor deny the allegations in Paragraph 1 to the extent they purport to state conclusions of law to which no response is required.

2.      Defendants deny the allegations in Paragraph 2, except admit that during her tenure at Better, Plaintiff received several promotions, salary increases, bonus payments, and stock options and equity grant awards.

3.      Defendants deny the allegations in Paragraph 3, except admit that from September 2020 through her resignation, Plaintiff reported directly to CEO Garg.

4.      Defendants deny the allegations of Paragraph 4, except admit that Better has gone public through a Special Purpose Acquisition Company ("SPAC") transaction; Better has filed several S-4s with the Securities and Exchange Commission; Better has entered into an agreement to merge with Aurora Acquisition Corp. ("Aurora"); SoftBank Group committed to a $1.5 billion investment; Novator Capital committed to invest $200 million; and Better and Aurora entered into a new agreement on November 30, 2021, which included $750 million of bridge financing and $750 million in a convertible note. Defendants neither admit nor deny the allegations in Paragraph 4 to the extent they purport to state conclusions of law to which no response is required.

5.      Defendants deny the allegations of Paragraph 5.

6.      Defendants deny the allegations of Paragraph 6, except admit that on December 1, 2021, Garg terminated certain Better employees via a call over the software application Zoom.

---

[1] The repetition of the headings and subheadings included in the Amended Complaint is not an adoption of those headings, nor an admission as to their truth.  Defendants include those headings in this Answer solely for ease of reference.

Defendants neither admit nor deny the allegations in Paragraph 6 to the extent they purport to state conclusions of law to which no response is required.

7.     Defendants deny the allegations of Paragraph 7, except admit that news outlets reported on the Zoom call referenced in Paragraph 6.

8.     Defendants deny the allegations of Paragraph 8.

9.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10, except note that any email from Garg to the Board speaks for itself.

11.     Defendants deny the allegations in Paragraph 11, except admit that Chief Financial Officer Kevin Ryan ("CFO Ryan") forwarded an email written by Garg to Plaintiff, which speaks for itself.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Pierce's statements of Paragraph 12, and otherwise deny the allegations of Paragraph 12.

13.     Defendants deny the allegations of Paragraph 13.

14.     Defendants deny the allegations of Paragraph 14, except admit that Pierce completed an employee interview on January 12, 2022.

15.     Defendants deny the allegations of Paragraph 15, except note that the written communications and documents referenced in Paragraph 15 speak for themselves.

16.     Defendants deny the allegations of Paragraph 16, except note that the purported email referenced in Paragraph 16 speaks for itself.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17.  To the extent Paragraph 17 refers to a written communication, Defendants note that communication speaks for itself.

18.     Defendants admit that General Counsel Tuffin informed Plaintiff that her leave would be extended for two weeks on or about January 18, 2022. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 18.

19.     Defendants deny the allegations of Paragraph 19.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20 regarding the statements made by the "senior leadership team," and otherwise deny the allegations of Paragraph 20.

21.     The allegations of Paragraph 21 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 17-19.  To the extent a response is required, Defendants deny the allegations.

22.     Defendants deny the allegations of Paragraph 22, except note that any referenced email or news article speaks for itself.

23.     Defendants deny the allegations of Paragraph 23.

24.     The allegations of Paragraph 24 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

25.     Defendants neither admit nor deny the allegations of Paragraph 25 as the Amended Complaint speaks for itself.

## PARTIES

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 regarding Plaintiff's address.  Defendants otherwise deny the allegations of Paragraph 26, except admit that Plaintiff was a "level L13 employee" at the time of her resignation.

27.     Defendants admit the allegations of Paragraph 27, except note that Better's principal office is located at 3 World Trade Center, 57th Floor, New York, New York 10007.

28.     Defendants admit the allegations of Paragraph 28.

29.     Defendants admit that Calamari is a resident of New York and was the General Counsel of Better.  Defendants deny the remaining allegations of Paragraph 29.[2]

## JURISDICTION AND VENUE

30.     Defendants admit that the Court has jurisdiction over this action.

31.     Defendants admit that venue is proper in this District.

## FACTS COMMON TO ALL COUNTS

32.     Defendants admit that Better Holdco, Inc. was founded in 2014 and that Better Mortgage generated $24.2 billion in mortgage originations in 2020. Defendants deny the remaining allegations of Paragraph 32.

33.     Defendants admit that Plaintiff commenced employment with Better in or around August 2016 as a salesperson, and that during her tenure at Better she received several promotions,

---

[2] All of the claims against Calamari were dismissed in their entirety by this Court's order of September 29, 2023.  As such, Calamari is no longer a party to this action.  To the extent that Calamari is required to answer the Complaint, he joins Defendants' answer and affirmative defenses asserted here, but such joinder is not a waiver of Calamari's status as a non-party and he reserves all rights in this regard.

salary increases, bonuses, and stock options and equity grant awards.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 33.

34.     Defendants admit that in August 2020, Plaintiff was promoted to Head of Operations, and in that role oversaw other employees.  Defendants further admit that while Plaintiff was employed at Better, the company grew from 50 employees to over 9,000 employees and from less than $1 million in revenue to over $1 billion in revenue.  Defendants otherwise deny the allegations of Paragraph 34, except note that any email referenced speaks for itself.

35.     Defendants deny the allegations of Paragraph 35, except admit that prior to her resignation, Plaintiff was earning a base salary of $1,000,000, and had been given an annual bonus of $1,000,000, and had been awarded stock options and equity grants.

36.     Defendants admit that Better secured $30 million in Series A funding at the end of 2015 and into 2016 and that the Company was approved to be a Fannie Mae seller/servicer that same year. Defendants further admit that Better Real Estate was incorporated in 2018. Defendants deny the remaining allegations of Paragraph 36.

37.     Defendants admit the allegations of Paragraph 37.

38.     Defendants admit the allegations of Paragraph 38, except note that the SPAC transaction closed on August 23, 2023.

39.     Defendants deny the allegations of Paragraph 39.

## BETTER'S MISREPRESENTATION AND ITS MISHANDLING OF THE REDUCTION IN FORCE

40.     Defendants deny the allegations of Paragraph 40.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 regarding Plaintiff's beliefs, and otherwise deny the allegations of Paragraph 41.

**<u>MISREPRESENTATION REGARDING THE COMPANY'S ORGANIC TRAFFIC</u>**

42.     Defendants note that the August S-4 filing referenced in Paragraph 42 speaks for itself.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43 regarding Plaintiff's statements, and otherwise deny the allegations of Paragraph 43.

44.     Defendants deny the allegations of Paragraph 44.

**<u>MISHANDLING OF THE REDUCTION IN FORCE</u>**

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the falsity of the allegations of Paragraph 45 regarding Plaintiff's "beliefs," and otherwise deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants deny the allegations of Paragraph 50, except note that any emails referenced speak for themself.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 regarding Plaintiff's "disturb[ance]" and otherwise deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53.

54.     Defendants admit that Garg participated in a meeting on December 1, 2021 via Zoom in which he discussed Better's planned reduction-in force, and otherwise deny the allegations of Paragraph 54.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55 regarding purported recordings and an Italian news report, and otherwise deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants admit that there were two scheduled town halls, and otherwise deny the allegations of Paragraph 58.

59.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 regarding reported directives purportedly given by Plaintiff, and otherwise deny the allegation of Paragraph 59, except admit that Plaintiff held a town hall with Better employees.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60, except note that any purported "YouTube" videos speak for themself.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants deny the allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66, except note that any Blind postings speak for itself.

67.     Defendants deny the allegations of Paragraph 67, except note that any Fortune magazine report referenced in Paragraph 67 speaks for itself.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71, except note that any emails referenced in Paragraph 71 speak for itself.

72.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 72 regarding Plaintiff's "concern[s]," and otherwise deny the allegations of Paragraph 72.

73.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 73.

74.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74 regarding Plaintiff's sentiments, and otherwise deny the allegations of Paragraph 74.

75.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 75 regarding Plaintiff's communications, but otherwise note that to the extent such purported communications were in written form, they speak for themselves.

76.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76.

77.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77 regarding Plaintiff's purported beliefs, and otherwise deny the allegations of Paragraph 77.

78.     Defendants admit that CEO Garg held a senior leadership meeting on Monday, December 6, 2021. Defendants deny the remaining allegations of Paragraph 78.

79.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 79 regarding what Pierce's "direct reports" purportedly told her, and otherwise deny the remaining allegations of Paragraph 79.

80.     Defendants deny the allegations of Paragraph 80.

81.     Defendants admit that CEO Garg held a senior leadership meeting on Tuesday, December 7, 2021. Defendants deny the remaining allegations of Paragraph 81.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

84.     Defendants deny the allegations of Paragraph 84.

85.     Defendants deny the allegations of Paragraph 85, except admit that a meeting was held that included Better's Board of Directors and Garg on December 9, 2021.  Defendants further note that to the extent Plaintiff relies on an email, the email speaks for itself.  *See* ECF No. 60-1.

86.     Defendants deny the allegations of Paragraph 86 but note that the email referenced in Paragraph 86 speaks for itself.  *See* ECF No. 60-1.

87.      Defendants deny the allegations of Paragraph 87 but note that the email referenced in Paragraph 87 speaks for itself.  *See* ECF No. 60-1.

88.     Defendants note that the email referenced in Paragraph 88 speaks for itself.  *See* ECF No. 60-1.

89.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92 regarding communications made by or to Plaintiff, except note that to the extent such purported communications were in written form, they speak for themselves.

93.     Defendants deny the allegations of Paragraph 93.

## MISREPRESENTATION REGARDING TIME HORIZON TO ACHIEVE PROFITABILITY

94.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 94 regarding "public skepticism," and otherwise deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

96.     Defendants deny the allegations of Paragraph 96.

97.     The allegations of Paragraph 97 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 12.  To the extent a response is required, Defendants deny the allegations.

98.     The allegations of Paragraph 98 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 12.  To the extent a response is required, Defendants deny the allegations.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 99 regarding the "concern[s]" of "senior leaders," and otherwise deny the allegations of Paragraph 99.

100.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 100 regarding the "concerns" of "leaders," but note that to the extent Plaintiff relies on a written letter, the letter speaks for itself.

101.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 101.

102.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 102.

103.     Defendants deny the allegations of Paragraph 103.

104.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 104.

105.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 105.

106.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 106.

107.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 107.

108.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 108.

109.     Defendants note that the email referenced in Paragraph 109 speaks for itself.

110.     Defendants admit that the Company had an All Hands meeting on December 14, 2021. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 110.

111.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 111.

112.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 112.

113.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 113.

114.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 114.

115.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 115.

116.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 116.

117.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 117.

118.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 118, except note that the email referenced in Paragraph 118 speaks for itself.  *See* ECF No. 60-2.

119.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 119, except note that the email referenced in Paragraph 119 speaks for itself.  *See* ECF No. 60-2.

120.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 120, except note that the email referenced in Paragraph 120 speaks for itself.  *See* ECF No. 60-2.

121.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 121.

122.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 122.

123.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 123.

124.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 124, except note that the email referenced in Paragraph 124 speaks for itself.

125.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 125.

126.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 126.

127.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 127.

128.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 128 regarding Plaintiff's "understanding," but admit that there was communication between Plaintiff's counsel and Julia Jordan between the weeks of December 20, 2021 and December 31, 2021.

129.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 129 regarding Plaintiff's meetings, but otherwise deny the allegations of Paragraph 129.

130.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 130.

131.    Defendants deny the allegations of Paragraph 131.

132.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 132.

133.    Defendants deny the allegations of Paragraph 133.

134.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 134.

135.    Defendants deny the allegations of Paragraph 135.

136.    Defendants deny the allegations of Paragraph 136.

137.    Defendants deny the allegations of Paragraph 137.

138.    Defendants deny the allegations of Paragraph 138.

139.    Defendants deny the allegations of Paragraph 139.

140.    Defendants deny the allegations of Paragraph 140.

141.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 141.

142.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 142.

143.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 143.

144.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 144, except deny Plaintiff's allegation that she "continued to do her job."

145.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 145.

146.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 146.

147.    Defendants deny the allegations of Paragraph 147, except note that the purported texts referred to in Paragraph 147 speak for themselves.

148.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 148.

149.    Defendants deny the allegations of Paragraph 149.

150.    Defendants deny the allegations of Paragraph 150, except note that the purported texts referred to in Paragraph 150 speak for themselves.

151.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 151, except to admit that on January 12, 2022 Plaintiff participated in an employee interview with General Counsel Tuffin.

152.    Defendants deny the allegations of Paragraph 152, except admit that a communication was sent from Ms. Jordan to Plaintiff, which speaks for itself.

### PIERCE ENGAGED IN PROTECTED ACTIVITY FOR WHICH SHE WAS REPEATEDLY RETALIATED AGAINST

153.    Defendants deny the allegations of Paragraph 153.

154.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 154 regarding Plaintiff's communications with various people, and otherwise deny the allegations of Paragraph 154.  To the extent that Paragraph 154 relies on written documents or communications, the documents or communications speak for themselves.

**POST-TERMINATION VIOLATION AND ONGOING RETALIATION**

155.    The allegations of Paragraph 155 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

156.    The allegations of Paragraph 156 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

157.    The allegations of Paragraph 157 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

158.    The allegations of Paragraph 158 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

159.    The allegations of Paragraph 159 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

160.    The allegations of Paragraph 160 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

161.    The allegations of Paragraph 161 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

162.     The allegations of Paragraph 162 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

163.     The allegations of Paragraph 163 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

164.     The allegations of Paragraph 164 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

165.     The allegations of Paragraph 165 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

166.     The allegations of Paragraph 166 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

167.     The allegations of Paragraph 167 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

168.     The allegations of Paragraph 168 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

169.     The allegations of Paragraph 169 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

170.     The allegations of Paragraph 170 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

171.     Defendants deny the allegations of Paragraph 171.

172.     Defendants deny the allegations of Paragraph 172.

173.     Defendants deny the allegations of Paragraph 173.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**(Violation of New York Labor Law § 740 Against Better)**</u>

174.     To the extent any answer is required to the allegations in Paragraph 174, Defendants restate and adopt the answers to Paragraphs 1 through 173.

175.     Defendants neither admit nor deny Paragraph 175 to the extent it purports to state conclusions of law to which no response is required.

176.     Defendants neither admit nor deny Paragraph 176 to the extent it purports to state conclusions of law to which no response is required.

177.     Defendants neither admit nor deny Paragraph 177 to the extent it purports to state conclusions of law to which no response is required.

178.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 178.

179.     Defendants deny the allegations of Paragraph 179.

180.     Defendants deny the allegations of Paragraph 180.

181.     Defendants neither admit nor deny Paragraph 181 to the extent it purports to state conclusions of law to which no response is required.

182.     The allegations of Paragraph 182 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

183.     The allegations of Paragraph 183 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 10-11, 22-23.

184.     Defendants deny the allegations of Paragraph 184.  Defendants neither admit nor deny Paragraph 184 to the extent it purports to state conclusions of law to which no response is required.

Defendants admit that Plaintiff seeks the relief stated in the Amended Complaint, but deny that she is entitled to any such relief.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of SOX)

185.     To the extent any answer is required to the allegations in Paragraph 185, Defendants restate and adopt the answers to Paragraphs 1 through 184.

186.     The allegations of Paragraph 186 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

187.     The allegations of Paragraph 187 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

188.    The allegations of Paragraph 188 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

189.    The allegations of Paragraph 189 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

190.    The allegations of Paragraph 190 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

191.    The allegations of Paragraph 191 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

192.    The allegations of Paragraph 192 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

193.    The allegations of Paragraph 193 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

194.    The allegations of Paragraph 194 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

195.    The allegations of Paragraph 195 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 15.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Dodd-Frank Retaliation Against Better)**

196.    To the extent any answer is required to the allegations in Paragraph 196, Defendants restate and adopt the answers to Paragraphs 1 through 195.

197.    The allegations of Paragraph 197 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16.

198.    The allegations of Paragraph 198 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16.

199.    The allegations of Paragraph 199 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16.

200.    The allegations of Paragraph 200 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16.

201.    The allegations of Paragraph 201 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty Against CEO Garg and General Counsel Calamari on Behalf of**
**Better and Better's Shareholders)**

202.     To the extent any answer is required to the allegations in Paragraph 202, Defendants restate and adopt the answers to Paragraphs 1 through 201.

203.     The allegations of Paragraph 203 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

204.     The allegations of Paragraph 204 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

205.     The allegations of Paragraph 205 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

206.     The allegations of Paragraph 206 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

207.     The allegations of Paragraph 207 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

208.     The allegations of Paragraph 208 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

209.    The allegations of Paragraph 209 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

210.    The allegations of Paragraph 210 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

211.    The allegations of Paragraph 211 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

212.    The allegations of Paragraph 212 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

213.    The allegations of Paragraph 213 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

214.    The allegations of Paragraph 214 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF 73 at pp. 16-17.

215.    The allegations of Paragraph 215 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 16-17.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Defamation Against CEO Garg and Better)

216.    To the extent any answer is required to the allegations in Paragraph 216, Defendants restate and adopt the answers to Paragraphs 1 through 215.

217.    The allegations of Paragraph 217 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 17-19.   To the extent a response is required, Defendants deny the allegations.

218.    The allegations of Paragraph 218 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 17-19.   To the extent a response is required, Defendants deny the allegations.

219.    The allegations of Paragraph 219 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 17-19.   To the extent a response is required, Defendants deny the allegations.

220.    The allegations of Paragraph 220 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 17-19.   To the extent a response is required, Defendants deny the allegations.

221.    The allegations of Paragraph 221 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 17-19.   To the extent a response is required, Defendants deny the allegations.

222.    The allegations of Paragraph 222 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 17-19.   To the extent a response is required, Defendants deny the allegations.

223.    Defendants deny the allegations of Paragraph 223.

224.     Defendants deny the allegations of Paragraph 224.

225.     Defendants deny the allegations of Paragraph 225.

226.     Defendants neither admit nor deny Paragraph 226 to the extent it purports to state conclusions of law with regards to Better's liability under the doctrine of *respondeat superior* to which no response is required, and otherwise deny the allegations of Paragraph 226.

Defendants admit that Plaintiff seeks the relief stated in the Amended Complaint but deny that she is entitled to any such relief.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Defamation Against Better)**

227.     To the extent any answer is required to the allegations in Paragraph 227, Defendants restate and adopt the answers to Paragraphs 1 through 226.

228.     The allegations of Paragraph 228 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20.

229.     The allegations of Paragraph 229 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20.

230.     The allegations of Paragraph 230 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20.

231.     The allegations of Paragraph 231 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20.

232.    The allegations of Paragraph 232 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20.

233.    The allegations of Paragraph 233 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress against CEO Garg and General Counsel Calamari)

234.    To the extent any answer is required to the allegations in Paragraph 234, Defendants restate and adopt the answers to Paragraphs 1 through 233.

235.    The allegations of Paragraph 235 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20-21.  To the extent a response is required, Defendants deny the allegations.

236.    The allegations of Paragraph 236 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20-21.

237.    The allegations of Paragraph 237 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20-21.

238.    The allegations of Paragraph 238 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 20-21.

239.    The allegations of Paragraph 239 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants. *See* ECF No. 73 at 20-21.

240.    The allegations of Paragraph 240 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants. *See* ECF No. 73 at 20-21.

241.    The allegations of Paragraph 241 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants. *See* ECF No. 73 at 20-21.

242.    The allegations of Paragraph 242 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants. *See* ECF No. 73 at 20-21.

243.    The allegations of Paragraph 243 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants. *See* ECF No. 73 at 20-21.

244.    The allegations of Paragraph 244 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants. *See* ECF No. 73 at 20-21.

245.    The allegations of Paragraph 245 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants. *See* ECF No. 73 at 20-21.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (In the Alternative, Tortious Interference with a Contract against CEO Garg and General Counsel Calamari)

246.     To the extent any answer is required to the allegations in Paragraph 246, Defendants restate and adopt the answers to Paragraphs 1 through 245.

247.     The allegations of Paragraph 247 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 21-22.

248.     The allegations of Paragraph 248 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 21-22.

249.     The allegations of Paragraph 249 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 21-22.

250.     The allegations of Paragraph 250 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 21-22.

251.     The allegations of Paragraph 251 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 21-22.

252.     The allegations of Paragraph 252 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 21-22.

253.    The allegations of Paragraph 253 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 21-22.

254.    The allegations of Paragraph 254 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 21-22.

255.    The allegations of Paragraph 255 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 21-22.

<u>**AS AND FOR A NINTH CAUSE OF ACTION**</u>
<u>**(Breach of Contract Against Better)**</u>

256.    To the extent any answer is required to the allegations in Paragraph 256, Defendants restate and adopt the answers to Paragraphs 1 through 255.

257.    The allegations of Paragraph 257 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

258.    The allegations of Paragraph 258 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

259.    The allegations of Paragraph 259 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

260.    The allegations of Paragraph 260 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

261.    The allegations of Paragraph 261 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

262.    The allegations of Paragraph 262 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

263.    The allegations of Paragraph 263 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

264.    The allegations of Paragraph 264 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

265.    The allegations of Paragraph 265 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

266.    The allegations of Paragraph 266 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

267.     The allegations of Paragraph 267 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

268.     The allegations of Paragraph 268 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

269.     The allegations of Paragraph 269 are related to claims or causes of action that have been dismissed by the Court and therefore require no response from Defendants.  *See* ECF No. 73 at 22-23.

## JURY DEMAND

270.     Defendants admit that Plaintiff demands a trial before a jury of her peers.

\*     \*     \*

## AFFIRMATIVE AND OTHER DEFENSES

Defendants raise the following affirmative and additional defenses, without assuming the burden of proof for any issues to which applicable law places the burden on Plaintiff.  Nothing herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.  All defenses are pleaded in the alternative, and none constitutes an admission of liability or that Plaintiff is entitled to relief on her claims.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants did not engage in any unlawful conduct, and Defendants are not liable for any unlawful acts that may have been committed by others.

## THIRD AFFIRMATIVE DEFENSE

Better is not liable for acts committed by other Defendants committed outside the scope of their employment, whether under a theory of *respondeat superior* or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiff's injuries, if any, is not the conduct of any act or omission by Defendants.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any loss, damage, or injury, such alleged loss, damage, or injury was caused in whole or in part by Plaintiff and/or third parties to this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, minimize, or avoid any alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief by the doctrines of unclean hands, estoppel, laches, release, unjust enrichment, and/or waiver due to Plaintiff's own acts and/or omissions with reference to the subject matter of the Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover attorneys' fees or other costs.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and/or were not foreseeable.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

All of Defendants' actions with respect to Plaintiff were taken for legitimate, non-retaliatory and non-discriminatory business reasons.

## TWELFTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the Amended Complaint, Defendants acted reasonably, properly, lawfully and in good faith and in compliance with all applicable laws, rules, regulations and guidelines.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action may be barred, in whole or in part, by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants would have taken the same actions with respect to Plaintiff regardless of Plaintiff's alleged complaints.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants' statements were true and as alleged were not made with knowledge that any statement made was false.  For example, Garg's statements that Plaintiff had been "cooking the books" and "fudging the numbers" are true.  Even as alleged, however, Garg had no knowledge that any statement he made was false.

## SIXTEENTH AFFIRMATIVE DEFENSE

The statements alleged to be made by Defendants are protected by qualified privilege.  For example, even as alleged, the statements were made by an employer/supervisor with an interest in the subject and told to others with a corresponding interest.  Even accepting the allegations as true, Plaintiff alleges that Garg's statements were disseminated only to Better's senior leadership, including CFO Ryan, Megan Bellingham, and the Board of Directors.  Whether Plaintiff, as senior

executive of Better, has been manipulating the company's numbers is a subject matter that is of interest to both Garg and the company's other executives and the Board.  Also, Garg was not motivated by actual malice because he believed his statements to be true at the time that he made them.

## JURY DEMAND

Defendants demand a trial by jury of all issues so triable.

## RESERVATION OF RIGHTS

Defendants hereby reserve and assert all affirmative and other defenses available under any applicable federal or state law.  Defendants presently have insufficient knowledge or information upon which to form a basis as to whether they may have additional, as yet unstated, affirmative or other defenses available.  Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

*     *     *

WHEREFORE, having fully answered all of the allegations of the Amended Complaint to which any answer is required, Defendants pray for relief and judgment:

A.  Dismissing the Amended Complaint with prejudice;

B.  Denying Plaintiff the relief sought in the Amended Complaint;

C.  Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

D.  Awarding Defendants costs and expenses incurred as a result of having to defend this action; and

E.  Granting Defendants such other relief as the Court may deem just and proper.

Dated:      New York, New York
            November 13, 2023

                                    By:    _____
                                           Roberta A. Kaplan
                                           Kate L. Doniger
                                           Timothy S. Martin
                                           KAPLAN HECKER & FINK LLP
                                           350 Fifth Avenue, 63rd Floor
                                           New York, New York 10118
                                           Tel: (212) 763-0883
                                           Fax: (212) 564-0883
                                           rkaplan@kaplanhecker.com
                                           kdoniger@kaplanhecker.com
                                           tmartin@kaplanhecker.com


                                           /s/ Steven W. Perlstein
                                           _____
                                           Steven G. Kobre
                                           Steven W. Perlstein
                                           Michael Bahn
                                           KOBRE & KIM LLP
                                           800 Third Avenue
                                           New York, NY 10022
                                           Telephone: (212) 488-1200
                                           Facsimile: (212) 488-1220
                                           Steven.kobre@kobrekim.com
                                           Steven.perlstein@kobrekim.com
                                           Michael.bahn@kobrekim.com